I'm told all the parties are here, so we'll go ahead and get started with the first case on for argument, which is Universitas Education, LLC v. Gristmill Capital, LLC. And we have Mr. Sandberg. Okay. Whenever you're ready to begin. Small housekeeping matter, Your Honor. I do see that Universitas' counsel is here. May it please the court. Small housekeeping matter. My apologies. If they're going to argue, I would like to reserve some time. My understanding. They are not arguing. Thank you. Good morning. May it please the court. Counsel. To the extent I do not discuss any issues today, I have five minutes. We're going to rely on our briefing. I do want to start with the Rule 58 issue. It's very clear that the rule requires that certain types of judgments be approved, or if you will, signed by the district court judge. And it's very clear in this case that that did not occur. Where in the rule does it say it has to be signed by the judge? Well, it needs to be approved, and approval means signed. So when the district court says that they have approved it, is that not enough? That's not a representation we can rely on? Well, Your Honor, that occurred many, many years later in response to what was occurring. So why are we then hearing this case now if the judge has said I approved it? Well, Your Honor, that was what the judge wrote in 21, and signature approval shouldn't, well, approval means signature.  Okay, so if we disagree with you and find that we disagree that it requires a signature, is that issue put to bed? Yes, Your Honor. If the court holds that approval is not the equivalent of signature, then that would resolve that issue. Can I ask, is Universitas a New York company? My understanding is Universitas is a New York limited liability company. And why is that not enough for diversity jurisdiction? Well, they didn't plead diversity jurisdiction. No, but they got removed to federal court on the basis of diversity jurisdiction. Isn't that correct? The initial document that was signed. I'm asking the question, did they get removed to federal court on the basis of diversity jurisdiction? Was that at least one of the grounds? The initial arbitration was removed based upon diversity jurisdiction. Why is this still a live issue in this court then? Because they brought two turnover proceedings, or if you will, motions, and the first one involved a company called Moonstone. GMC and Mr. Carpenter were not parties to the first turnover request. But that's a different argument than there's no subject matter jurisdiction to hear this case, right? Because there's diversity jurisdiction. Well, there still needs to be jurisdiction over the turnover proceeding, Your Honor. And New York law requires that the turnover proceeding be brought as a separate matter. And we briefed this issue. And so as a result, what you have is something that was done in the same underlying case. And I'm jumping ahead here a little bit, but there was no summons and there was no service on GMC or Mr. Carpenter. Now, what was pointed to, both by the Honorable Judge Swain and also Universitas, is that there was a 2013 statement by an attorney. But that involved the first turnover proceeding. Right, although aside from whether or not there's express waiver by participating in the proceedings, doesn't that constitute waiver of any personal jurisdiction claim? It does not, Your Honor. And the reason is this. Mr. Carpenter and GMC were not parties, as I mentioned, to the first turnover motion. And so the statement, and to the extent they were present, they were present there based upon a subpoena, in particular Mr. Carpenter, regarding a subpoena at the time. Acceptance of service of a subpoena and presence before the court pursuant to a subpoena are fundamentally very different than being a party, for personal jurisdiction purposes, for a subsequent request for relief against an individual, or in this case GMC, a business entity, which was not previously a party to the proceedings. And so there is no proper service upon them. There's no summons. There's no return of service to the extent that Universitas talks about its email, or I'm sorry, a statement by an employee of Universitas' law firm. Of course, that employee is not a proper person to effect service upon non-parties. Let me ask you, I'm sorry, just a big picture question with regard to Rule 60B motions and the requirement that they be made within a reasonable time. This is six years later. What's your argument for why this is reasonable? Well, Mr. Carpenter was incarcerated. But there were other proceedings, legal proceedings, that were being pursued during that time, correct? Well, proceedings in other courts really should not enter the analysis of, in this case, your question, regarding the timeliness of Rule 60B. Well, it should actually. I mean you put forward that he was incarcerated as if that's a reason for the delay in these proceedings. But if during that same period he is participating in other legal proceedings, then it doesn't seem as if that incarceration would be a bar to going forward with this. I do see that I've run past my time. May I continue? Please. Thank you. Again, the other proceedings, to the extent Mr. Carpenter may have been a party, would not impact the timeliness of this particular proceeding. Additionally— Well, they don't affect—I guess my question is I'm suggesting a lack of diligence. And the rule requires that the motion be made within a reasonable time. I'm saying that I don't—I'm questioning how six years is a reasonable time. And you seem to be suggesting that, well, part of the reason for the delay is because of the incarceration. And I'm, I guess, responding to that with the incarceration did not impede him from pursuing other legal actions. Well, I wouldn't say he was pursuing. I mean, we need to look and see the precise nature of what other legal actions were occurring and exactly when that was and whether, in fact, Mr. Carpenter individually was a party to those other proceedings. My understanding is that he was not a party to additional proceedings during that time period as it relates to this civil matter. So, but in addition to that, you know, there is an exception, I believe, under Rule 60B. But I would argue that before we even reach the exception, the parties here before you today were, in fact, diligent. And Chief Judge Swain did not have an issue regarding diligence. Her order and opinion did not discuss any lack of diligence. And so I would argue that that's not something that was brought before this court as an issue to be determined as a result. Well, we certainly can rule on a basis that was not the basis of the district court's ruling. And so to the extent that we have concerns about 60B, that this is untimely, that's certainly something we can still consider. And I would suggest, with all due respect, Your Honor, that the diligence or lack of diligence wasn't argued, was not briefed. Sort of. Not in those exact words, though. There was a lot of ink being spilled on how much paper had been used and also how much time had passed from the initial action where now we're hearing this complaint. So I don't know that we are required to be looking for the magic words of diligence, as opposed to inferring that the voluminous pieces of paper where it was said X, Y, and Z happened, A, B, and C time passed as a proxy for diligence. Is there a case law providing us that we need to have magic words of diligence in order to make a finding for you? Frankly, Your Honor, I did not come to court today with a case in hand regarding diligence, because it's not part of Chief Judge Swain's order and opinion, and it's not something that was briefed. It wasn't an issue down below, and no one argued it as a reason to affirm here in court. And I have run out of time. Yes. Yes. I mean, unless there are other questions. All right. Thank you for your argument, Mr. Sandberg. Thank you very much for the court's time this morning. Thank you. Thank you.